UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

BRAD RHATTIGAN,

    Plaintiff,

vs.

SLOPPY SECONDS III LLC, NORTH ISLAND BAR & GRILLE LLC, NORTH BEACH PUB LLC, and TAMMY ZAFRA,

    Defendants.
_____/

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, BRAD RHATTIGAN (hereinafter "Plaintiff"), brings this action for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") against Sloppy Seconds III LLC, North Island Bar & Grille LLC, North Beach Pub LLC (hereinafter collectively referred to as the "Entity Defendants"), and Tammy Zafra (hereinafter "Zafra") (all Defendants hereinafter collectively referred to as "Defendants") and alleges as follows:

**PARTIES**

1. Plaintiff Brad Rhattigan was employed by Defendants from approximately March 2018 to August 2020. He worked out of Defendants' bar location, named "Smuggler's Island Pub," located at 1101 Nebraska Ave., Palm Harbor, Florida 34683.

2. Defendant Sloppy Seconds III LLC is a Florida Limited Liability Company with a principal place of business at 1101 Nebraska Ave., Palm Harbor, Florida 34683.

3. Defendant North Island Bar & Grille LLC is a Florida Limited Liability Company with a principal place of business at 600 Mandalay Ave., Clearwater Beach, Florida, 33767.

4. Defendant North Beach Pub LLC is a Florida Limited Liability Company with a principal place of business at 600 Mandalay Ave., Clearwater Beach, Florida, 33767.

5. Defendant Tammy Zafra is the manager and owner of all Entity Defendants. At all times material hereto she exerted control over the Entity Defendants' employees, pay practices and policies. She was involved in the day-to-day operations of the Entity Defendants' business, and maintained direct responsibility for the supervision of Plaintiff.

## JURISDICTIONAL ALLEGATIONS

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because this action involves a federal question under the FLSA.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as the state law claims are related to Plaintiff's federal claims, and arise from the same case or controversy as Plaintiff's FLSA claims.

8. This Court has original and personal jurisdiction over this action because Defendants engaged in business within the State of Florida, and the action complained of occurred in Florida.

9. Venue is proper in the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) and the Local Rule for the United States District Court, Middle District of Florida 1.02(c) because the events giving rise to these claims occurred in this jurisdiction and Defendants conduct business in this jurisdiction.

## FLSA COVERAGE

10. At all times material hereto, Defendants have been an employer within the meaning of 29 U.S.C. § 203(d).

11. At all times material hereto, each of the Entity Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(r) and 203(s) of the FLSA because it has had employees engaged in commerce.

12. Furthermore, each of the Entity Defendants have had, and continues to have, an annual gross business volume in excess of the statutory standard.

13. At all times material hereto, Defendant Zafra exerted control over the Entity Defendants' employees, pay practices and policies. She was involved in the day-to-day operations of the Entity Defendants' business, and maintained direct responsibility for the supervision of Plaintiff.

14. At all times material hereto, Plaintiff was an employee of Defendants, who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207. For example, employees employed by Defendants served food and drinks that were moved in interstate commerce, to customers both from Florida and outside of Florida.

15. Plaintiff's duties as an employee of Defendants consisted of serving drinks and food items to Defendants' restaurant and bar patrons. Accordingly, Plaintiff was involved in interstate commerce.

## GENERAL ALLEGATIONS

16. Defendants employed Plaintiff as a tipped employee, specifically as a

bartender, to provide services to its bar and restaurant patrons.

17. At the time of Plaintiff's resignation from his position with Defendants, he was paid an hourly rate below minimum wage ($5.40 per hour) plus tips. By paying Plaintiff less than the minimum wage per hour, Defendants were taking advantage of a tip credit which allows Defendants to include in its calculation of wages a portion of the amounts Plaintiff received as tips.

18. From March 2018 to approximately May 2020, Defendants paid Plaintiff no wages whatsoever. Plaintiff was only paid tips he received. Contemporaneously, Defendants also maintained a policy and practice of requiring Plaintiff to share tips with employees who did not customarily and regularly receive tips.

19. Defendants did not satisfy the strict requirements under the FLSA that would allow them to take advantage of the tip credit.

20. Defendants maintained a policy and practice whereby they failed to provide tipped employees with the statutorily required notice that Defendants intended to pay tipped employees the tipped employee minimum wage rate.

21. Additionally, Defendants violated the FLSA by maintaining a policy and practice of requiring Plaintiff to share tips with employees who did not customarily and regularly receive tips.

22. Because Defendants violated the FLSA's tipped employee requirements, Defendants lose their right to take a credit towards its minimum wage obligations.

23. The FLSA also requires employers to keep certain records for each non-exempt worker, in particular, records indicating the amount of hours every such employee works during each workweek. 29 C.F.R. Part 516.

24. Through information and belief, Defendants kept no such records regarding the amount of time worked by Plaintiff in any given workweek, nor required Plaintiff to take any action in assisting Defendants account for the time he worked.

25. If no records exist indicating the amount of hours worked by Plaintiff, Plaintiff may establish the hours he worked solely by his testimony, and the burden of overcoming such testimony shifts to the employer. See *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

26. Further, Defendant provided only a portion of or no compensation to Plaintiff for many hours worked during various workweeks.

27. As such, during many workweeks, Plaintiff was not compensated at the federally mandated minimum wage.

28. In addition, during many workweeks, Plaintiff was not compensated whatsoever for hours worked for Defendants.

29. Plaintiff's tips were also misappropriated by Defendants as a result of their FLSA violations.

30. Defendants failed to classify Plaintiff is any type of employee or contractor for the majority of the time he spent working for them. Defendants submitted neither a Form W-2 or Form 1099, indicating Plaintiff's status as an employee or independent contractor.

31. As a result, Defendants willfully filed fraudulent information returns with respect to payments made to Plaintiff and other employees.

32. Defendants knew or should have known that its policies and practices violated the FLSA, and Defendants have not made a good faith effort to comply with the

FLSA. Rather, Defendants knowingly, willfully, and/or with reckless disregard of the law carried out its illegal pattern and practice regarding its tipped employees. Defendants' method of paying Plaintiff in violation of the FLSA was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Defendants have previously been notified that their pay practices, specifically related to Plaintiff, were violative of the FLSA. Accordingly, a three-year statute of limitations should apply.

33. Plaintiff has satisfied all conditions precedent, or they have been waived.

34. Plaintiff has hired the undersigned law firm, and has agreed to pay them a fee.

35. Plaintiff requests a jury trial for all issues so triable.

**COUNT I: VIOLATION OF THE FLSA'S MINIMUM WAGE REQUIREMENTS**

36. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

37. Defendants have engaged in a pattern, policy and practice of violating the FLSA, as detailed in this Complaint.

38. At all relevant times, Defendants were an employer engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed "employee[s]," including Plaintiff.

39. Defendants were required to pay directly to Plaintiff the applicable minimum wages to which he was entitled under the FLSA.

40. Defendants failed to pay Plaintiff the minimum wages to which he was entitled under the FLSA.

41. Defendants cannot avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 201, *et seq.*, because Defendants failed to inform Plaintiff of the provisions of subsection 203(m) of the FLSA, and distributed a portion of his tips to workers who do not "customarily and regularly" receive tips.

42. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

43. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies.

44. As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

**COUNT II: VIOLATION OF 26 U.S.C. § 7434(a)**

45. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

46. Pursuant to 26 U.S.C. § 7434, "[if] any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return."

47. At all times material hereto, Defendants failed to properly classify Plaintiff as an employee.

48. Defendants issued information returns with respect to payments made to Plaintiff.

49. The information returns issued by Defendants related to payments made to Plaintiff were fraudulent.

50. Defendant willfully and knowingly issued the fraudulent information returns relating to the payments made to Plaintiff.

51. In connection with Defendants' willful submission of fraudulent information returns relating to payments made to Plaintiff, Plaintiff demands costs attributable to resolving deficiencies, damages of $5,000.00, damages resulting from additional tax debts and additional time/expenses associated with any necessary correction, all costs and attorneys' fees incurred in prosecuting these claims, and for such further relief as the Court deems just and equitable.

**COUNT III: UNPAID WAGES UNDER FLORIDA COMMON LAW**

52. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

53. Plaintiff worked for Defendants during the statutory period.

54. Defendants agreed to pay Plaintiff for his services.

55. Defendants failed to compensate Plaintiff for all wages owed for the work performed..

56. Accordingly, Plaintiff demands judgment against Defendants for an amount equal to Plaintiff unpaid back wages, all costs and attorneys' fees incurred in prosecuting these claims in accordance with Fla. Stat. § 448.08, and for such further relief as this Court deems just.

**PRAYER FOR RELIEF**

Based on the foregoing, Plaintiff hereby demands the above referenced economic damages, liquidated damages, compensatory damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

DATED this 22nd day of October, 2020, and respectfully submitted by:

*/s/ Nicholas J. Castellano, II*
Nicholas J. Castellano, II, Esq.
Florida Bar Number: 0118601
E-Mail: nick@buckmanandbuckman.com

**BUCKMAN & BUCKMAN, P.A.**
2023 Constitution Blvd.
Sarasota, FL 34231
Telephone:  (941) 923-7700
Fax:  (941) 923-7736

*Attorneys for Plaintiff, Brad Rhattigan*