UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRAD RHATTIGAN,

    Plaintiff,
v.                         Case No. 8:20-cv-2472-VMC-SPF

SLOPPY SECONDS III LLC,
NORTH ISLAND BAR & GRILLE LLC,
NORTH BEACH PUB LLC,
and TAMMY ZAFRA,

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of United States Magistrate Judge Sean P. Flynn's Report and Recommendation (Doc. # 17), filed on January 26, 2021, recommending that Plaintiff Brad Rhattigan's Motion for Default Judgment on Count I of his Complaint (Doc. # 15) be granted in part and denied in part.

Specifically, the report recommends Rhattigan be awarded the following amounts: (1) unpaid minimum wages in the amount of $24,919.50; (2) liquidated damages in the amount of $24,919.50; (3) attorneys' fees in the amount of $5,097.50; and (4) costs incurred in this action in the amount of $620.00, provided Rhattigan files invoices supporting the amount of $220.00 for service of process. (Doc. # 17 at 9).

As of the date of this Order, no objections have been filed and the time for filing objections has lapsed. However, on February 12, 2021, this Court noted that Rhattigan moved for "a default judgment on all counts of [his complaint]," but only addressed Count I (the Fair Labor Standards Act claim) in his Motion. (Doc. # 19). Accordingly, the Court directed Rhattigan to clarify whether he intended to voluntarily dismiss Counts II and III of his complaint. (Id.). On February 15, 2021, Rhattigan filed a notice stating: "[I]n the event the Court grants [his] Motion for Default Judgment on Count I of his Complaint, [Rhattigan] intends on dismissing Counts II and III immediately after the Court issues such a ruling." (Doc. # 20).

Furthermore, on January 26, 2021, Rhattigan filed four invoices representing the fees charged by the process server in connection with this case. (Doc. ## 18, 18-1, 18-2, 18-3, 18-4). These invoices reflect a total of $220.00 paid to the process server. The Court therefore accepts and adopts the Report and Recommendation and grants in part Rhattigan's Motion for Default Judgment on Count I of the Complaint.

**Discussion**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept,

2

reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendation. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

After conducting a careful and complete review of the findings, conclusions and recommendations, and giving *de novo* review to matters of law, the Court accepts the factual findings and legal conclusions of the Magistrate Judge.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 17) is **ACCEPTED** and **ADOPTED.**

(2) Plaintiff Brad Rhattigan's Motion for Default Judgment on Count I of his Complaint (Doc. # 15) is **GRANTED IN PART** and **DENIED IN PART.**

3

(3) The Clerk is directed to enter judgment in favor of Plaintiff Rhattigan and against Defendants as to Count I of the Complaint in the following amounts: (1) unpaid minimum wages in the amount of $24,919.50; (2) liquidated damages in the amount of $24,919.50; (3) attorneys' fees in the amount of $5,097.50; and (4) costs incurred in this action in the amount of $620.00.

(4) In light of Rhattigan's representation that he intends to voluntarily dismiss Counts II and III of the complaint once judgment is entered on Count I, the Court dismisses Counts II and III without prejudice.

(5) Upon entering judgment, the Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>16th</u> day of February, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE